**UNITED STATES of America,**
**Appellant,**

v.

**Edward I. EILAND, Trustee in Bankruptcy of Sport Coal Company, Inc., a corporation, Bankrupt, Appellee.**

**No. 6959.**

United States Court of Appeals
Fourth Circuit.

Argued April 21, 1955.

Decided May 23, 1955.

Louise Foster, Sp. Asst. to the Atty. Gen. (H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack and A. F. Prescott, Sp. Asst. to the Atty. Gen., Duncan W. Daugherty, U. S. Atty., Huntington, W. Va., and William T. Lively, Jr., Asst. U. S. Atty., Charleston, W. Va., on brief), for appellant.

Claude A. Joyce, Logan, W. Va. (Edward I. Eiland on brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PARKER, Chief Judge.

This is an appeal in the bankruptcy proceedings of the Sport Coal Company, Inc., a corporation which had its office and principal place of business in Logan County, West Virginia, and which was adjudicated a bankrupt on a voluntary petition in bankruptcy filed June 29, 1953. On June 26, 1953, before the institution of the bankruptcy proceedings, a levy was issued by the District Director of Internal Revenue on form 668–A directed to the Boone County Coal Corporation, levying upon any indebtedness owing by the Boone County Coal Corporation to the Sport Coal Company, Inc. up to the sum of $7,172.42 and demanding that the Boone County Coal Corporation pay same to the Director from the amount so owing. The Boone County Coal Corporation, which owed the Sport Coal Company, Inc. the sum of $1,885.54 at that time, accepted service of this notice of levy and demand. After the adjudication of bankruptcy it paid this sum into the hands of the Trustee in Bankruptcy pursuant to an order of the referee. The United States claims a lien on this amount for the taxes for which its levy and demand were made upon the Boone County Coal Company.

The Referee in Bankruptcy held that the United States was not entitled to prevail against the trustee in bankruptcy with respect to its claim on this fund because no lien was filed in the office of the Clerk of the County Court of Logan County, West Virginia. He held, also, that, even if this position were not sustained, the claim of the United States should be postponed to administration and wage claims under section 67, sub. c, of the Bankruptcy Act, 11 U.S.C.A. § 107, sub. c, and that, as these exceeded the total of the assets of the bankrupt estate, the United States would not be entitled to receive anything on its claim, in any event. The District Judge, 125 F. Supp. 517, sustained the referee on the first of these holdings and found it unnecessary to pass upon the second. Two questions are presented by the appeal: (1) Did the failure to file notice in the office of the Clerk of the Court of Logan County defeat the rights of the United States under the levy and notice served upon the Boone County Coal Corporation? (2) If not, is the right of the United States under such levy and notice postponed to the administration and wage claims? We think that both of these questions should be answered in the negative.

It should be noted in the first place, that what we are dealing with here is, not a levy upon corporeal property, where the property is left in the possession of the bankrupt to serve as a basis for credit, but a levy upon an indebtedness with service of notice upon the debtor, the effect of which is to transfer to the United States the right to receive payment of the indebtedness up to the amount of the tax. A lien for taxes upon failure to pay on demand is provided for by 26 U.S.C. § 3670; and this lien arises upon deposit of the assessment list with the Director, 26 U.S.C. § 3671. Where taxpayer neglects or refuses to pay the taxes due, assertion of this lien is authorized by 26 U.S.C. § 3692 by levy upon all property and rights to property of taxpayer except such as is specifically exempted by 26 U.S.C. § 3691, which has no application here. Upon such levy, it

becomes the duty of the debtor to pay the indebtedness levied upon, up to the amount of the tax, to the Director. 26 U.S.C. § 3710. Levy here was made under section 3692 on form 668–A, which notified the Boone County Coal Corporation: "That all property, rights to property, moneys, credits and/or bank deposits now in your possession and belonging to the aforesaid taxpayer and all sums of money owing from you to the said taxpayer are hereby seized and levied upon for the payment of the aforesaid tax, together with penalties and interest, and demand is hereby made upon you for the amount necessary to satisfy the liability set forth above from the amount now owing from you to the said taxpayer, or for such lesser sum as you may be indebted to him, to be applied in payment of the said tax liability."

 There can be no question, we think, but that the lien for taxes provided by the statute can be asserted against intangible property such as a debt. United States v. Liverpool, London & Globe Ins. Co., 348 U.S. 215, 75 S.Ct. 247; Cannon v. Nicholas, 10 Cir., 80 F.2d 934; Kyle v. McGuirk, 3 Cir., 82 F.2d 212; United States v. First Capital Nat. Bank, 8 Cir., 89 F.2d 116; McKenzie v. United States, 9 Cir., 109 F.2d 540; United States v. Long Island Drug Co., 2 Cir., 115 F.2d 983, 985–986; United States v. Warren R. Co., 2 Cir., 127 F.2d 134, 137–138; Investment & Securities Co. v. United States, 9 Cir., 140 F.2d 894; United States v. Manufacturers Trust Co., 2 Cir., 198 F.2d 366; United States v. Ocean Accident & Guarantee Corporation, D.C., 76 F.Supp. 277. And we think it equally clear that the proper way to assert the lien is by levy and notice such as was served here. There is apparent holding to the contrary in such cases as United States v. O'Dell, 6 Cir., 160 F.2d 304 and Givan v. Cripe, 7 Cir., 187 F.2d 225, 228, to the effect that a "warrant of distraint" is necessary in addition to the notice to the debtor; but where as here, the Director serves notice upon the debtor stating that the money owing "is seized and levied upon" for the payment of the tax and that demand is made upon the debtor for the amount necessary to satisfy the tax, he is serving a "warrant of distraint". No peculiar virtue inheres in the name ascribed to the notice. As said in Raffaele v. Granger, 3 Cir., 196 F.2d 620, 623: "Distraint is a summary, extra-judicial remedy having its origin in the common law. There, a form of self-help, it consisted of seizure and holding of personal property by individual action without intervention of legal process for the purpose of compelling payment of debt."

 A creditor ordinarily perfects a lien upon a debt by attachment and garnishment with service of notice thereof upon the debtor. See Miller v. United States, 11 Wall. 268, 297, 20 L.Ed. 135; Kennedy v. Brent, 6 Cranch 187, 3 L.Ed. 194; Rickman v. Rickman, 180 Mich. 224, 146 N.W. 609, Ann.Cas.1915C, 1237, 1248; Strawberry Growers' Selling Co. v. Lewellyn, 158 La. 303, 103 So. 823, 39 A.L.R. 1502; 4 Am.Jur. p. 896; 5 Am. Jur. p. 94; 7 C.J.S., Attachment, § 224, page 403. When this has been properly done, the effect thereof is to give to the attaching creditor a lien upon the indebtedness for the amount necessary to satisfy the judgment rendered in the proceedings in his favor. The effect of the federal taxing statutes to which we have referred is to create a statutory attachment and garnishment in which the service of notice provided by statute takes the place of the court process in the ordinary garnishment proceeding. There is no necessity for adjudicating the amount of the tax under the statutory proceeding, United States v. Morris & Essex R. Co., 2 Cir., 135 F.2d 711, certiorari denied, Morris & Essex R. Co. v. Delaware, L. & W. R. Co., 320 U.S. 754, 64 S.Ct. 61, 88 L.Ed. 449; and, consequently, the service of such notice results in what is virtually a transfer to the government of the indebtedness, or the amount thereof necessary to pay the tax, so that payment to the government pursuant to the levy and notice is a complete defense to the debtor against any action

brought against him on account of the debt. Columbian Nat. Life Ins. Co. v. Welch, 1 Cir., 88 F.2d 333; United States v. Ocean Accident & Guarantee Corp., D.C., 76 F.Supp. 277, 278; United States v. Marine Midland Trust Co., D.C., 46 F.Supp. 38. When bankruptcy occurs after the levy and notice have been served upon a debtor of the bankrupt, the trustee in bankruptcy cannot interfere with the rights of the United States thereby perfected before bankruptcy.

There is nothing in 26 U.S.C. § 3672(a) (1) which invalidates as against a trustee in bankruptcy rights acquired under such a levy upon a debt. That section has reference to liens upon tangible personal property having a situs, not to the levy upon or the transfer of debts, as to which no recording of lien could be of any advantage to creditors. The section is as follows:

"(a) *Invalidity of lien without notice.* Such lien shall not be valid as against any mortgagee, pledgee, purchaser, or judgment creditor until notice thereof has been filed by the collector—

"(1) *Under State or Territorial laws.* In the office in which the filing of such notice is authorized by the law of the State or Territory in which the property subject to the lien is situated, whenever the State or Territory has by law authorized the filing of such notice in an office within the State or Territory; or
* * *."

For authorization of filing by state law reliance is placed upon West Virginia Code, 1949, ch. 38, art. 10, sec. 1, which after providing for the filing of federal tax liens in the offices of clerks of county courts provides:

"No such tax shall be a valid lien as against any mortgagee, purchaser or judgment creditor, until such notice shall be filed in the office of the clerk of the county court of the county or counties in which the property subject to such lien is situated."

Both the federal statute and the statute of West Virginia manifestly have reference to tangible property, which left in the possession of taxpayer may serve as a basis of credit, and as to which the taking of possession by a lien claimant is generally held equivalent to the recording of lien. Firestone Tire & Rubber Co. v. Cross, 4 Cir., 17 F.2d 417. Only tangible property can properly be said to be "situated" in a county within the meaning of the statutes quoted; and it would be unreasonable to apply their provisions to debts, since debtors could not be expected to search the clerk's office before paying a debt, to see whether or not tax liens had been filed against their creditors, nor could banks be expected to make such search before honoring checks drawn on deposits. With respect to such intangible property entirely different provisions are needed and have been made by the taxing statutes. Prior to levy and notice, the debtor may discharge his debt by payment to the creditor, whatever may have been filed in the clerk's office; thereafter it may be discharged as to the amount of the tax, only by payment to the Director. 26 U.S.C. § 3710(b).

There can be no question, of course, but that a trustee in bankruptcy is vested by law with all the rights which a creditor could have obtained by legal or equitable proceedings at the time of the bankrupty. Under the Bankruptcy Act of 1898, 30 Stat. 544, 565–566, as originally enacted, the trustee was vested with no greater rights in the property of the bankrupt than the bankrupt himself had, with the result that unregistered chattel mortgages and other secret liens could be asserted against the trustee after adjudication, although by adjudication creditors were prevented from attaching a lien to the property by legal process. Bailey v. Baker Ice Machine Co., 239 U.S. 268, 36 S.Ct. 50, 60 L.Ed. 275; Carey v. Donohue, 240 U.S. 430, 36 S.Ct. 386, 60 L.Ed. 726; Martin v. Commercial Nat. Bank, 245 U.S. 513, 38 S.Ct. 176, 62 L.Ed. 441. Subsequent amendments to the bankruptcy act were de-

signed to remedy the evils which had arisen from this situation. See House Report No. 1293, 81st Congress, 2d Session, United States Congressional Service 1950, 81st Congress, 2d Session, vol. 2, pp. 1985–1990. The Amendment of 1952, 66 Stat. 420, 430, finally put section 70, sub. c, 11 U.S.C.A. § 110, sub. c, in its present form providing: "The trustee, as to all property, whether or not coming into possession or control of the court, upon which a creditor of the bankrupt could have obtained a lien by legal or equitable proceedings at the date of bankruptcy, shall be deemed vested as of such date with all the rights, remedies, and powers of a creditor then holding a lien thereon by such proceedings, whether or not such a creditor actually exists."

 The effect of the section as amended is to vest the trustee, not only with rights with respect to the bankrupt's property which creditors had acquired at the date of bankruptcy, but also with all rights which creditors might have acquired by legal or equitable process on that date; but this does not help the trustee here, since no creditor could have acquired any rights on that date with respect to a debt on which the United States had already made a levy and served a notice, the effect of which was to transfer the right to receive payment of the debt to the United States. We need not concern ourselves here with what the rights of the United States would be had there been no levy and its rights were dependent upon the inchoate lien on all property created by sections 3670 and 3672 of Title 26 of the Code. In such case, questions of a very different nature would be presented. What we have is a perfected lien created by levy with respect to a specific indebtedness. See Goggin v. Division of Labor Law Enforcement, of California, 336 U.S. 118, 69 S.Ct. 469, 93 L.Ed. 543; United States v. Sands, 2 Cir., 174 F.2d 384.

We think, also, that the rights of the United States are not postponed to administration and wage claims by section 67, sub. c, of the Bankruptcy Act which provides:

"**c.** Where not enforced by sale before the filing of a petition initating a proceeding under this Act, and except where the estate of the bankrupt is solvent: (1) though valid against the trustee under subdivision b of this section, statutory liens, including liens for taxes or debts owing to the United States or to any State or any subdivision thereof, on personal property not accompanied by possession of such property, and liens, whether statutory or not, of distress for rent shall be postponed in payment to the debts specified in clauses (1) and (2) of subdivision a of section 64 of this Act and such liens for wages or for rent shall be restricted in the amount of their payment to the same extent as provided for wages and rent respectively in subdivision a of section 64 of this Act. * * *."

 That section also manifestly has reference to tangible property which can be taken into possession, not to indebtedness which has been levied upon with notice to the debtor so that it is to all intents and purposes assigned to the United States. City of New York v. Hall, 2 Cir., 139 F.2d 935, upon which the trustee relies, dealt with tangible property. If the statute be construed to apply to indebtedness, however, then what was done by the United States here must be construed as taking into possession within the meaning of the statute. The United States had done everything that it could do to assert dominion over the indebtedness and by the levy and notice had made it impossible for the debtor to secure a discharge thereof by payment to any one other than the United States. We may say of the action taken by the United States here what was said by the Supreme Court of ordinary garnishment in Miller v. United States, supra, 11 Wall. 268, 279, 20 L.Ed. 135, viz.: "It arrests the property in the hands of the garnishee, interferes with

the owner's or creditor's control over it, subjects it to the judgment of the court (here the payment of the tax), *and therefore has the effect of a seizure*". (Italics supplied.)

For the reasons stated, the judgment appealed from will be reversed and the case will be remanded with direction to enter an order that the amount received by the Trustee in Bankruptcy from the Boone County Coal Corporation be paid over to the Director of Internal Revenue.

Reversed.