J. Morton ROSENBLUM, Trustee,
Appellant,

v.

UNITED STATES of America et al.,
Appellees.

No. 5899.

United States Court of Appeals
First Circuit.

April 4, 1962.

Frederic T. Greenhalge, Pittsfield, N. H., with whom Booth, Wadleigh, Langdell, Starr & Peters, Manchester, N. H., was on brief, for appellant.

John J. Gobel, Attorney, Department of Justice, with whom Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson and Joseph Kovner, Attorneys, Department of Justice, and William H. Craig, U. S. Atty., were on brief, for United States of America, appellee.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

WOODBURY, Chief Judge.

A trustee in bankruptcy has taken this appeal from an order of the United States District Court for the District of New Hampshire denying his petition for leave to intervene in an action brought by the United States under § 6332(b) of Title 26 U.S.C. to impose personal liability upon four debtors of the bankrupt for their failure to honor federal tax levies duly served upon them prior to bankruptcy.

At the outset we are confronted with the question of our appellate jurisdiction, for not every order denying leave to intervene is appealable. Mr. Justice Murphy, speaking for the Court in Brotherhood of Railroad Trainmen v. Baltimore and Ohio Railroad Company, 331

U.S. 519, 524, 525, 67 S.Ct. 1387, 91 L.Ed. 1646 (1947), spelled out the applicable rule of appealability in detail. Summarizing his discussion he wrote:

"Our jurisdiction to consider an appeal from an order denying intervention thus depends upon the nature of the applicant's right to intervene. If the right is absolute, the order is appealable and we may judge it on its merits. But if the matter is one within the discretion of the trial court and if there is no abuse of discretion, the order is not appealable and we lack power to review it. In other words, our jurisdiction is identified by the necessary incidents of the right to intervene in each particular instance. We must therefore determine the question of our jurisdiction in this case by examining the character of the Brotherhood's right to intervene in the proceeding brought under § 16(12) of the Interstate Commerce Act."

This rule was followed in Sutphen Estates, Inc., v. United States, 342 U.S. 19, 20, 72 S.Ct. 14, 96 L.Ed. 19 (1951). But see Cameron v. President and Fellows of Harvard College, 157 F.2d 993, 997 (C.A. 1, 1946).

■ To determine our jurisdiction over this appeal we therefore turn to consideration of the "nature" or "character" of the trustee's right to intervene to see whether he has an absolute right or is only privileged to intervene in the discretion of the court below.

The trustee does not invoke the provisions of subsection (b) of Rule 24, Fed.R. Civ.P., 28 U.S.C., dealing with permissive intervention his only claim is of an absolute right to intervene under subsection (a) (3) of the above Rule quoted in the margin.[1] Conceding, as he must, that the statutory lien of the United States for taxes can be asserted against intangible personal property such as debts, see United States v. Eiland, 223 F.2d 118, 121 (C.A. 4, 1955), and cases cited, he rests his assertion of an absolute right to intervene on the proposition that the Notices of Levy (Form 668–A) served by the United States on the four debtors of the bankrupt pursuant to § 6331 of Title 26 U.S.C., did not reduce the government's claims against them to "possession" within the meaning of § 67, sub. c of the Bankruptcy Act, 11 U.S.C.A. § 107, sub. c quoted in material part in the margin below.[2] Wherefore, the trustee says, the bankrupt's claims against the four debtors came into his possession as an officer of the bankruptcy court and that if the United States should prevail in its action and recover the claims he will be adversely affected in his official capacity because it will be impossible for him to distribute the proceeds of the claims in accordance with statutory priorities.

The decisive issue is a narrow one. It is whether the government, by simply serving the notices of levy authorized by § 6331 of Title 26 U.S.C. upon debtors of a bankrupt, reduces its claims against the debtors to "possession" thereby preventing the trustee in bankruptcy from subordinating the government's claims against the debtors to the payment of the expenses of administering the bankrupt's estate and claims against the bankrupt for wages.

The trustee, in support of his contention that mere notice of levy is not enough but that in addition thereto a "warrant of distraint" must also be served upon a debtor in order to reduce

1. Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: " * * * (3) when the applicant is so situated as to be adversely affected by a distribution or other disposition of property which is in the custody or subject to the control or disposition of the court or an officer thereof."

2. "Where not enforced by sale before the filing of a petition initiating a proceeding under this title, and except where the estate of the bankrupt is solvent: * * * statutory liens, including liens for taxes or debts owing to the United States * * *, on personal property not accompanied by possession of such property, * * * shall be postponed in payment to the debts specified in clauses (1) and (2) of subdivision (a) of section 104 of this title * * *."

the government's claim against the debtor to "possession," relies primarily upon two cases decided under § 3692 of the Internal Revenue Code of 1939, 26 U.S.C. § 3692, United States v. O'Dell, 160 F.2d 304 (C.A. 6, 1947), and Givan v. Cripe, 187 F.2d 225 (C.A.7, 1951). These cases, however, do not stand unquestioned. The late Chief Judge Parker, writing for his court in United States v. Eiland, supra at 121, disagreed with the O'Dell and Givan cases relied upon by the trustee and in a carefully reasoned opinion held that it was not necessary to serve a "warrant of distraint" upon a debtor in order to reduce the government's claim to "possession;" that under the 1939 Code notice of levy alone was enough to accomplish that end. Moreover, all of these cases were decided under the Internal Revenue Code of 1939 and split upon the meaning to be given to a specific reference to a "warrant" in its § 3692 which we quote in material part in the margin,[3] whereas in the comparable provision of the Internal Revenue Code of 1954, with which we are here concerned, there is no reference whatever to a "warrant." Indeed, § 6331 (b) of the current code specifically provides under the subtitle "Seizure and sale of property" that: "The term 'levy' as used in this title includes the power of distraint and seizure by any means."

It seems clear to us that in the 1954 Code Congress resolved the problem under the 1939 Code which split the courts in the cases relied upon by the trustee and the court in the Eiland case. In short we agree with the rationale of Judge Foley in the recent case of United States v. Manufacturers National Bank, 198 F.Supp. 157 (N.D.N.Y.1961), the only case in point under the 1954 Code that we have found, and with his conclusion that the omission of any mention in § 6331 of the present code, or in the regulations, of any form of warrant establishes that the effectiveness of federal tax liens does not depend upon service of a warrant

of distraint. Our conclusion therefore is that the "nature" or "character" of the trustee's claim is such that he does not have an absolute right to intervene.

On the authority of Brotherhood of Railroad Trainmen v. Baltimore and Ohio Railroad Company, cited at the beginning of this opinion:

An order will be entered dismissing the appeal for lack of appellate jurisdiction.

---

3. "In case of neglect or refusal under section 3690, the collector may levy, *or by warrant may authorize* a deputy collector to levy upon all property and rights to property, * * *." (Italics added.)