**CONSUMERS POWER COMPANY, a Maine Corporation, Plaintiff,**

v.

**Arthur James RUBINER, as Trustee of Harvey B. White, Inc., a Michigan Corporation, and Michigan Employment Security Commission, and Ocean Accident & Guarantee Corporation, Limited, a Corporation, and United States of America, Defendants.**

Civ. A. No. 21908.

United States District Court
E. D. Michigan, S. D.

Nov. 7, 1963.

As Amended Nov. 12, 1963.

Paul H. Townsend, Jr., of Dykema, Wheat, Spencer, Goodnow & Trigg, Detroit, Mich., for plaintiff.

Charles J. Rubiner, Detroit, Mich., for defendant Arthur James Rubiner, as trustee, etc.

Francis W. Edwards, Asst. Atty. Gen. of Michigan, Detroit, Mich., for defendant Michigan Employment Security Commission.

Fergus Markle, Detroit, Mich., for defendant Ocean Accident & Guarantee Corporation, Ltd.

Robert F. Ritzenhein, Asst. U. S. Dist. Atty., Detroit, Mich., for the United States.

MACHROWICZ, District Judge.

The plaintiff on November 24, 1961 instituted this bill of interpleader to have resolved various claims to Twenty-four Thousand Four Hundred Seven and 47/100 Dollars, ($24,407.47) owed by plaintiff to Harvey B. White, Inc., presently a bankrupt.

This sum was deposited by the plaintiff with the Clerk of the Court, and an Order was entered allowing the plaintiff Five Hundred Forty-seven and 20/100 Dollars, ($547.20) in costs and attorney's fees, *provided* that to the extent said allowance would reduce the amount of the deposit ultimately found to be payable to the United States, as intervening complainant, payment should not be allowed to the plaintiff.

On June 13, 1962, an order was entered dismissing the United States of America as party defendant, and leave was granted to file an intervening complaint. On October 4, 1962, the default of the defendants Bank of Montreal, Board of Trustees of the "Insurance Fund of the Flint Plumbing and Pipefitting Industry" and Russell Johnson was entered for failure of appearance or answer.

On November 1, 1962, a partial trial was held to determine the issue of the solvency of Harvey B. White, Inc., on the effective date of the various liens in question here. This Court made a finding of fact that the corporation was insolvent on January 19, 1961 and prior thereto, and remained insolvent up to the time of filing its petition in bankruptcy.

The three (3) remaining claimants who claim valid liens on the funds in the Court are: the Ocean Accident and Guarantee Corporation by virtue of a writ of garnishment served on March 27, 1961; the Michigan Employment Security Commission by virtue of a writ of garnishment served on January 19, 1961, and the United States of America, by virtue of a lien under Sections 6321–6323, Title 26, U.S. C.A. under a levy served on April 2, 1961. The Harvey B. White, Inc. was adjudicated a bankrupt on April 27, 1961.

On November 28, 1962, the parties hereto filed a partial stipulation of facts which is incorporated herein and made a part hereof.

The legal issues to be determined by the Court, now that the bankrupt's insolvency has been determined as of January 19, 1961, are (a) the trustee's right to set aside the alleged preferential liens and (b) his right to succeed to those rights on behalf of other creditors.

CONCLUSIONS OF LAW

1. The Court finds that the lien of the Ocean Accident and Guarantee Corporation, being based upon a writ of garnishment served upon the bankrupt corporation after the liens of the Michigan Employment Security Commission and the United States became effective, has no priority over them.

The lien of the Ocean Accident and Guarantee Corporation was acquired by writ of garnishment served upon the bankrupt on March 27, 1961. As appears hereafter, the claims of the Commission and the United States both antedate this garnishment.

Therefore, the Court finds that the lien of the Ocean Accident and Guarantee Corporation, Ltd., has no priority over the claims of the Michigan Employment Security Commission or the United States of America.

2. The Court further finds that the claim of the trustee has no priority over

the claims of the Michigan Employment Security Commission or the United States of America. The trustee asserts that the liens of Ocean Accident and the Commission having been acquired within four (4) months of bankruptcy and at a time when the bankrupt was insolvent, are invalid and that he may therefore be subrogated to them under Sec. 67(a) of the Bankruptcy Act.

For reasons subsequently appearing, it will not be necessary for this Court to determine whether the trustee, under the Bankruptcy Act could have succeeded to the position of the Commission and The Ocean Accident and Guarantee Corporation, Ltd. However, assuming that the trustee could have been subrogated to these liens, his claims could still not have prevailed.

As appears from the partial stipulation of facts filed herein, the amounts owed to the Commission for tax contributions were due on April 25, 1960, July 25, 1960, October 25, 1960 and January 25, 1961 for each of the previous quarters.

■ The State of Michigan has granted certain statutory powers to the Commission to enable it to effect the collection of tax contributions. Under Michigan Statutes Annotated 17.515(e), Comp. Laws 1948, 421.15(e), it is provided that

"All contributions, interest and penalties required under the provisions of this act shall be a first and prior claim and lien against the property and assets of an employing unit. Such lien shall attach to the property from and after the date that any report upon which the specific tax is computed is required by this act to be filed".

Under these statutory provisions, a lien in favor of the Commission attaches to the property and the assets of the taxpayer from the time of the due dates of the taxes.

■ Since the lien of the Ocean Accident & Guarantee Company was acquired March 27, 1961, a date subsequent to the Commission's statutory lien, and subsequent to its garnishment on January 19, 1961, the trustee as assumed subrogee of the Ocean Accident & Guarantee Corporation would have no priority over the claim of the Michigan Employment Security Commission. Further, assuming the trustee could under Sec. 67(a) of the Bankruptcy Act be subrogated to the position of the Commission, the Commission's claim has no priority over the claim of the United States.

■ 3. The Court finds that the claim of the United States, being based upon a lien arising under Sec. 6321 of the Internal Revenue Code, has priority over the claim of the Michigan Employment Security Commission and all other claims filed herein.

The lien of the United States under the applicable statute arises as of the date of assessment and demand, which dates the parties have stipulated to in the partial stipulation of facts filed herein. The dates when the United States filed its notice of lien have also been stipulated to.

Sec. 6321 of the Internal Revenue Code, under which the United States claims the interpleaded funds, provides a lien shall not be valid

"As against any mortgagee, pledgee, purchaser, or judgment creditor until notice thereof has been filed by the collector." I.R.C. Sec. 3672(a).

It is the position of the Michigan Employment Security Commission that by virtue of Michigan Statutes Annotated Sec. 17.515(e) the Commission acquired a prior perfected lien against the funds in question which arose on the date they were due, a time which was prior to the assessment and demand made by the United States.

■ Since the Commission does not fall within the category of mortgagee, pledgee, purchaser or judgment creditor, its claim could prevail only if it were perfected prior in time to the claim of the government. United States v. City of New Britain, Conn. et al, 347 U.S. 81, 74 S.Ct. 367, 98 L.Ed. 520, (1954); United States v. Vermont, 317 F.2d 446, 447 (2 Cir.1963).

It was held in the case of United States v. Security Trust and Savings Bank, 340 U.S. 47, 71 S.Ct. 111, 95 L.Ed. 53 (1950), that the characterization of a state lien is a federal question to be determined finally by the federal courts.

█ Under the law, as developed by federal decisions, to be fully choate a lien must attach to specified property and the amount of the lien and identity of the lienor must be established. See United States v. City of New Britain, 347 U.S. 81, 74 S.Ct. 367, 98 L.Ed. 520 (1954) and Commercial Credit Corp. v. Schwartz, 130 F.Supp. 524 (D.C.1955). See also Great American Indemnity Co. v. United States, 120 F.Supp. 445 (D.C.1954) and compare with United States v. Kings County Iron Works, Inc., 224 F.2d 232 (2 Cir.1955).

In the New Britain case it was held that the state lien had priority since it had attached to specific realty of the debtor, and therefore met the federal choateness requirement.

The lien of the Michigan Employment Security Commission arising under M.S. A. 17.515(e), unlike the state lien involved in the New Britain case, does not attach to specific realty of the debtor, and is not choate in the federal sense.

Therefore the Court finds that the lien of the Michigan Employment Security Commission has no priority over the lien of the United States.

█ The Court further finds that the lien of the United States has priority over the claim of the Trustee asserted herein. In the case of United States v. Eiland, 223 F.2d 118, (4 Cir.1955), it was held that where the United States, before bankruptcy, serves notice of valid lien on the taxpayer's debtor, the levy effectively appropriates the debt to the United States and the subsequently appointed Trustee is prevented from drawing the debt into the estate. See also Rosenblum v. United States, 300 F.2d 843 (1 Cir. 1962) which stands for the same proposition.

An Order may be entered herein in accordance with the above Opinion.