In the Matter of SAN FERNANDO VAL-
LEY RESTAURANTS, INC., etc.,
Bankrupt.

No. 103858.

United States District Court
S. D. California,
Central Division.

Oct. 6, 1964.

Francis C. Whelan, U. S. Atty., Loyal E. Kier, Asst. U. S. Atty., Chief, Tax Section, James S. Bay, Asst. U. S. Atty., Los Angeles, Cal., for United States.

Buchalter, Nemer, Fields & Savitch, Los Angeles, Cal., for trustee.

WESTOVER, District Judge.

This matter comes before the Court upon a Petition for Review. There is no dispute as to the facts.

San Fernando Valley Restaurants, Inc., Bankrupt above named, assigned certain Diners' Club, Inc., charges to J. H. Pingree and/or J. N. Landeen, as Trustees for Continental Casualty Co., the total amount of the assigned funds being $6,000.27. Heretofore this Court has held that, as the parties had not complied with California Civil Code, §§ 3017 through 3029, relating to assignments of accounts receivable, the assignments were invalid as to creditors of the Bankrupt.

Although the assignments had been made and received, Diners' Club, Inc., had not transferred the money to the assignees; and upon the Court's ruling anent the assignments' invalidity, the funds were delivered to the Trustee in Bankruptcy. The money then was claimed by the United States of America.

The Trustee filed in the bankruptcy court an application for determination of the right of the United States of America in and to the sum of $6,000.27 received from Diners' Club, Inc. The Referee held that the government was not entitled to the money; from the Referee's Order this petition for review was filed.

In its Memorandum of Points and Authorities the government states:

"There is little doubt that the Trustee in Bankruptcy herein would prevail were it not for the fact that the United States served its Notice

of Levy, Form 668–A, prior to bankruptcy."

The records and files disclose that on May 29, 1959 the District Director of Internal Revenue at Los Angeles, California, assessed San Fernando Valley Restaurants, Inc., in the amount of $3,806.33 for unpaid withholding and FICA taxes for the first quarter of 1959; and that on or about August 21, 1959 the District Director assessed taxpayer in the amount of $9,507.68 for FICA and withholding taxes unpaid for the second quarter of 1959.

On October 7, 1959 and October 19, 1959 San Fernando Valley Restaurants, Inc., assigned, in writing, the accounts receivable as hereinbefore discussed; and it is the $6,000.27 paid to the Trustee in Bankruptcy thereunder which is at issue in this Review.

On November 5, 1959 the District Director of Internal Revenue at Los Angeles filed with the Los Angeles County Recorder a "Notice of Federal Tax Lien Under Internal Revenue Laws", Form 668, showing assessments in the total amount of $13,314.01, which amount included the first and second quarters, 1959, assessments described above.

And on November 5, 1959 the District Director of Internal Revenue served on Diners' Club, Inc. a "Notice of Levy", Form 668–A, which notice showed assessments against taxpayer in the amount of $13,314.01, plus statutory additions, in a total sum of $13,564.76 unpaid and owing by taxpayer to the United States of America.

On November 6, 1959 San Fernando Valley Restaurants, Inc., filed a Petition in Bankruptcy.

The government claims the funds in dispute on the theory that with the serving of Notice of Levy it came into possession of said funds and, consequently, the Trustee in Bankruptcy is not entitled thereto.

It appears from the record that the government has done everything required of it to protect its interest. The assessments were duly and regularly made; notice was filed with the County Recorder and a levy made upon Diners' Club, Inc., prior to taxpayer's bankruptcy. Diners' Club, Inc., had possession of the funds due Bankrupt when the levy was filed by the government.

There was nothing more the government could do to protect its rights, except bring an action against Diners' Club, Inc., requiring it to pay said funds to the government. Upon determination of the assignments' invalidity hereinbefore described the money was transferred by Diners' Club, Inc., to the Trustee who is now in possession thereof.

The United States Court of Appeals for the Ninth Circuit, in Division of Labor Law Enforcement, Dept. of Indus. Relations, etc., v. United States, 301 F.2d 82, at page 84 (a case involving "possession" of an alcoholic beverage license by the District Director through tax levy and which cites United States v. Eiland, 4 Cir., 223 F.2d 118) says:

"The Director, on February 27, 1957, issued a 'Levy' (form 668–B) comparable to a writ of execution or attachment, directing a collection officer to levy upon the property of the bankrupt, and to sell it. The officer made the levy on that day by taking physical possession of the license certificate, * * *.

" * * *

" * * *. Eiland involved a levy upon a debt owing to the bankrupt by serving a notice upon the debtor, but the case is closely analogous to the case at bar. As was noted in that case, the District Director did all he could."

In the case at bar the collection officer did not obtain manual possession of the money in the hands of Diners' Club, Inc. But in all other respects this case and Division of Labor Law Enforcement, Dept. of Indus. Relations, etc. v. United States, supra, are similar.

United States v. Eiland, 4 Cir., 223 F.2d 118, arises out of a tax levy filed by the government upon bankrupt's

debtor, before bankruptcy. The Court said, at page 122:

" * * *. When bankruptcy occurs after the levy and notice have been served upon a debtor of the bankrupt, the trustee in bankruptcy cannot interfere with the rights of the United States thereby perfected before bankruptcy."

In the case now before the Court the levy was made and notice was served upon the debtor before the filing of the petition in bankruptcy.

United States v. Manufacturers National Bank, D.C., 198 F.Supp. 157, is similar to the case at bar. The District Director of Internal Revenue had made an assessment against the taxpayer for excise taxes unpaid. The following day a Notice of Lien was filed in the Office of the County Clerk. On the same day the District Director served Notice of Levy on the defendant for collection of the tax liability. Defendant refused to pay the money to the government. When an action was filed by the government to enforce payment, the Court granted a motion for summary judgment, holding that by service of Notice of Levy the government came into possession of the funds in the hands of defendant.

In United States of America v. Arms Textile Manufacturing Company, D.C., 200 F.Supp. 102, the Court says:

" * * * . The sole issue is whether the levy which was concededly made was sufficient to entitle the government to the funds without further action thereon. It is my view that the United States, in dealing with an intangible, has done everything that was necessary and possible under its Notice of Levy. I am constrained to adopt the holding of United States v. Eiland, 4 Cir., 223 F.2d 118, for the purpose of acting on this petition and rule that the notice served on the debtor did, in fact, take into possession the funds sought. Such precluded any interest or right the petitioner [trustee in bankruptcy] could have in the pending action."

In the case of Youngstown S. & T. Co. v. Patterson-Emerson-Comstock of Ind., D.C., 227 F.Supp. 208 at 217, the Court states:

"Therefore, since the United States levied on the property in the hands of Youngstown Sheet and Tube Co. to enforce the collection of taxes prior to the appointment of a receiver, the debt is reduced to the possession of the United States * * *."

The Court said, in Rosenblum v. United States, 1 Cir., 300 F.2d 843, at page 844:

"The decisive issue is a narrow one. It is whether the government, by simply serving the notices of levy authorized by § 6331 of Title 26 U.S.C. upon debtors of a bankrupt, reduces its claims against the debtors to 'possession' thereby preventing the trustee in bankruptcy from subordinating the government's claims against the debtors to the payment of the expenses of administering the bankrupt's estate and claims against the bankrupt for wages.

"The trustee, in support of his contention that mere notice of levy is not enough but that in addition thereto a 'warrant of distraint' must also be served upon a debtor in order to reduce the government's claim against the debtor to 'possession,' relies primarily upon two cases decided under § 3692 of the Internal Revenue Code of 1939, 26 U.S.C. § 3692, United States v. O'Dell, 160 F.2d 304 (C.A.6, 1947), and Givan v. Cripe, 187 F.2d 225 (C.A.7, 1951). These cases, however, do not stand unquestioned. The late Chief Judge Parker, writing for his court in United States v. Eiland, supra at 121, disagreed with the O'Dell and Givan cases relied upon by the trustees and in a carefully reasoned opinion held that it was not necessary to serve a 'warrant of distraint' upon a debtor in order to reduce the gov-

ernment's claim to 'possession;' that under the 1939 Code notice of levy alone was enough to accomplish that end. * * *."

It is the opinion of this Court that inasmuch as the government had done everything possible to secure the funds prior to bankruptcy, including service of the notice of levy, the claim of the United States of America to the funds involved is superior to the claim of the trustee in bankruptcy.

The Court's order will be entered accordingly, and petitioner for Review is hereby instructed to prepare appropriate findings of fact, conclusions of law, and judgment in conformity with this memorandum.