**FIRST NATIONAL BANK OF NOR-FOLK, Plaintiff,**

v.

**NORFOLK AND WESTERN RAILWAY CO., et al., Defendants (three cases).**

**Civ. A. Nos. 812–70–N–814–70–N.**

United States District Court,
E. D. Virginia,
Norfolk Division.

May 20, 1971.

Rixey & Rixey, Frederick M. Quayle, Norfolk, Va., for plaintiff.

Williams, Worrell, Kelly & Worthington, Robert H. Powell, III, Norfolk, Va., for Norfolk and W. Ry. Co.

C. J. Grogan, Dept. of Justice, Tax Div., Washington, D. C., and James A. Oast, Jr., Asst. U. S. Atty., Norfolk, Va., for United States.

### JUDGMENT

KELLAM, District Judge.

These actions began as garnishment proceedings in the Civil Court of the City of Norfolk, but were removed to this Court by the United States pursuant to 28 U.S.C. § 1441 and related sections. The garnishee, Norfolk and Western Railway Co., interpleaded the sum of $7042.14, which it owed to Delva, Inc., the judgment debtor, because both the United States and the First National Bank of Norfolk asserted claims to the money. The question here is whether the United States or the Bank is entitled to the fund which Norfolk and Western has deposited with the Clerk of this Court.

All the relevant facts in this case have been stipulated by the parties. In September 1969, the Internal Revenue Service made an FHUT assessment against Delva, and in June 1970, Delva was assessed for FICA taxes for the first quarter of 1970. On July 10, 1970, the Internal Revenue Service made an additional assessment against Delva for a bad check penalty. Thereafter, on September 4, 1970, the District Director served a Notice of Levy, in the amount of $1119.00 on the Norfolk and Western which was indebted to Delva for $7042.-14 for services performed. Norfolk and Western was served with an amended Notice of Levy on September 8, 1970, in the amount of $7832.06. The Internal Revenue Service did not file a notice of its tax lien with the Clerk of the State Corporation Commission until September 24, 1970.

On September 1, 1970, First National Bank of Norfolk obtained three judgments on promissory notes in the Civil Justice Court; with attorneys' fees and court costs, the total sum was $7664.07. The Bank served garnishment summonses on Norfolk and Western on September 14, 1970.

With both the Bank and the United States claiming the fund, Norfolk and Western interpleaded its debt to Delva, pursuant to Code of Virginia § 8–226 (1950). The United States was added as a party and the cases were removed to this Court.

Initially, it is clear that the Bank's judgments did not become liens on Norfolk and Western's indebtedness to Delva until September 14, when the garnishment summonses were issued. Code of Virginia §§ 8–411, 8–441 (1950). The right to the fund deposited by Norfolk and Western, then, depends on whether the United States had a valid, perfected lien when the Bank became a judgment lien creditor.

The Internal Revenue Code, 26 U.S.C. § 6321, gives the United States a lien on all property, real or personal, belonging to any person who refuses or neglects to pay any federal tax after proper demand for payment. The lien attaches at the time the assessment is made and continues until the tax liability is satisfied. 26 U.S.C. § 6322. However, 26 U.S.C. § 6323(a) provides that the lien imposed by section 6321 is not valid against purchasers, holders of security interests, mechanic's lienors or judgment lien creditors until notice of the lien is filed in accordance with section 6323(f). In the case of personal property, whether tangible or intangible, section 6323(f) (1) (A) (ii) requires that the notice of lien be filed in one office, designated by the law of the state in which the property subject to the lien is situated. The Virginia statute designating the place for filing is the Uniform Federal Tax Lien Registration Act, Code of Virginia § 55–142.1 et seq., which has been in effect since July 1, 1970. The relevant subsection, Code of Virginia § 55–142.-1(b), provides:

Notices of liens upon personal property, whether tangible or intangible, for taxes payable to the United States

and certificates and notices affecting the liens shall be filed as follows:

(1) If the person against whose interest the tax lien applies is a corporation or a partnership whose principal executive office is in this state, as these entities are defined in the internal revenue laws of the United States, in the office of the clerk of the State Corporation Commission.

In the absence of the Notices of Levy served September 4th and September 8th, the Bank would clearly prevail and be entitled to all of the fund; however, when the amended Notice of Levy was served on September 8, 1970, the Bank was not a judgment lien creditor with respect to Norfolk and Western's indebtedness to Delva. If, as the United States contends, the Notice of Levy operated to transfer Norfolk and Western's debt to Delva to the United States on September 8, then the Bank's judgments, which did not become liens until September 14, are actually worthless since Norfolk and Western had not been indebted to Delva since September 8, 1970.

Factually, these cases are substantially the same as that in United States v. Eiland, 223 F.2d 118 (4th Cir. 1955). Here, as in *Eiland*, what we are concerned with is a levy on "an indebtedness with service of notice upon the debtor, the effect of which is to transfer to the United States the right to receive payment of the indebtedness up to the amount of the tax." 223 F.2d at 120.

█ When a taxpayer fails to pay the taxes assessed and due, 26 U.S.C. § 6331 authorizes assertion of the lien granted by section 6321, by levy on all the taxpayer's property except that specifically exempted by section 6334. The "proper way to assert the lien is by levy and notice such as was served here." Where "the Director serves notice upon the debtor stating that the money owing 'is seized and levied upon' for the payment of the tax and that demand is made upon the debtor for the amount necessary to satisfy the tax, he is serving a

'warrant of distress.' " [223 F.2d 121]. Once the levy is made, the person controlling the property levied on is obligated to surrender the property to the Secretary of the Treasury. In this respect, the Court of Appeals stated in *Eiland*:

Prior to levy and notice, the debtor may discharge his debt by payment to the creditor, whatever may have been filed in the clerk's office; thereafter it may be discharged as to the amount of the tax, only by payment to the Director. 223 F.2d at 122.

Any person in possession of property on which levy has been made, who surrenders the property to the Secretary is "discharged from any obligation or liability to the delinquent taxpayer with respect to such property or rights to property arising from such surrender or payment." 26 U.S.C. § 6332(d).

Here, levy was made pursuant to section 6331 on Form 668–A, and the notice is part of this record. The Notice of Levy, served on Norfolk and Western recited that the taxpayer, Delva, had failed to pay an assessed tax. The Notice also stated:

Accordingly, you are further notified that all property, rights to property, moneys, credits, and bank deposits now in your possession and belonging to this taxpayer (or with respect to which you are obligated) and all sums of money or other obligations owing from you to this taxpayer, or on which there is a lien provided under Chapter 64, Internal Revenue Code of 1954, are hereby levied upon and seized for satisfaction of the aforesaid tax, together with all additions provided by law, and *demand is hereby made upon you for the amount necessary to satisfy the liability set forth herein, or for such lesser sum as you may be indebted to him, to be applied as a payment on his tax liability.* (emphasis added).

Under substantially the same factual situation in *Eiland*, the Court of Appeals held that levy was an appropriate means

for the United States to assert a tax lien.

█ Counsel for the Bank argues that the continued vitality of *Eiland* is questionable in light of 26 U.S.C. § 6323(a), (f) and the Uniform Federal Tax Lien Registration Act. Nothing in either statute, though, indicates that such filing of notice of the tax lien is required where there is a levy pursuant to section 6331. Had Norfolk and Western paid the $7042.14 to the United States when the Notice of Levy was served, the debt to Delva would have been extinguished; nothing would have been left to satisfy the Bank's judgment lien after it was perfected on September 14, 1970. 26 U.S.C. § 6332(d). Why, then, should the fact that Norfolk and Western did not pay the indebtedness before September 14, have any effect on the validity of the levy? The simple answer is that the result is unchanged. A validly invoked levy to enforce a tax lien effects a seizure that is tantamount to a transfer of ownership. See United States v. Sullivan, 333 F.2d 100 (3d Cir. 1964). In *Eiland,* the Court of Appeals stated:

A creditor ordinarily perfects a lien upon a debt by attachment and garnishment with service of notice thereof upon the debtor. * * * When this has been properly done, the effect thereof is to give to the attaching creditor a lien upon the indebtedness for the amount necessary to satisfy the judgment rendered in the proceedings in his favor. The effect of the federal taxing statutes to which we have referred is to create a statutory attachment and garnishment in which the service of notice provided by statute takes the place of the court process in the ordinary garnishment proceeding. * * * [C]onsequently, the service of such notice results in what is virtually a transfer to the government of the indebtedness, or the amount thereof necessary to pay the tax, so that payment to the government pursuant to the levy and notice is a complete defense to the debt-

or against any action brought against him on account of the debt. 223 F.2d at 121–122.

Neither 26 U.S.C. § 6323(a), (f) nor the Uniform Federal Tax Lien Registration Act have any effect on this statement of the law relating to the effect of a levy pursuant to 26 U.S.C. § 6331. As was pointed out in *Eiland,* the federal and state statutes relative to recording the claim "have reference to tangible property, which left in the possession of taxpayer may serve as a basis of credit, and as to which the taking of possession by a lien claimant is generally held equivalent to the recording of lien. * * * [I]t would be unreasonable to apply their provisions to debts, since debtors could not be expected to search the clerk's office before paying a debt, to see whether or not tax liens had been filed against their creditors, nor could banks be expected to make such search before honoring checks drawn on deposits. * * * Prior to levy and notice, the debtor may discharge his debt by payment to the creditor, whatever may have been filed in the clerk's office * * *" Accordingly, the United States is entitled to the entire fund deposited with the Clerk since the tax assessment exceeds that amount.

█ The remaining question is whether the Interpleader Norfolk and Western Railway is entitled to have its attorneys' fees taxed as costs. When the United States prevails, an Interpleader is not entitled to have its attorneys' fees taxed as costs if the federal lien exceeds the amount of the interpleaded fund. Such an allowance would diminish the amount of the government's prior lien. See United States v. Pioneer American Ins. Co., 374 U.S. 84, 83 S.Ct. 1651, 10 L.Ed.2d 770 (1963); United States v. McCall's Administrator, 313 F.Supp. 1399 (M.D.Pa.1969). Norfolk and Western's application for attorneys' fees and costs will be denied. Counsel for the United States will present an appropriate order on judgment in this cause within twenty days.