In the Matter of MONARCH INDUS-
TRIES, INC., Bankrupt.

UNITED STATES of America, Internal
Revenue Service, Plaintiff-Appellant,

v.

Richard PALMER, Trustee for Monarch
Industries, Inc., Defendant-Appellee.

No. 79–1841
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Dec. 26, 1979.

M. Carr Ferguson, Asst. Atty. Gen., Gil-
bert E. Andrews, Chief, Appellate Section,
Crombie J. D. Garrett, Karl Schmeidler,
Tax Div., Dept. of Justice, Washington, D.
C. for plaintiff-appellant.

Friedman & Britton, Morton Kosto, Or-
lando, Fla., for defendant-appellee.

Before COLEMAN, Chief Judge, HILL
and GARZA, Circuit Judges.

PER CURIAM:

The Internal Revenue Service (IRS) ap-
peals from a judgment denying it lienor
status in the estate of Monarch Industries,
Inc. (taxpayer).[1] Prior to the filing of tax-
payer's petition in bankruptcy, the IRS as-
sessed a deficiency and demanded payment.
Apparently recognizing that the pre-peti-
tion assessment and demand, without more,
perfected a lien in favor of the IRS, see
I.R.C. § 6321; *United States v. Speers,* 382
U.S. 266, 86 S.Ct. 411, 15 L.Ed.2d 314 (1965),
the district court nonetheless held that the
lien was invalid as against the bankruptcy
trustee because the IRS had failed to file
notice of its tax lien in the proper place.
I.R.C. § 6323(f)(1)(A)(ii). Respondent prac-
tically concedes that this holding was error.
The notice was properly filed with the Clerk
of the Florida Circuit Court as required by
Fla.Stat.Ann. § 28.222(3)(e) (West 1974).
The district court's decision was founded on
an erroneous reference to the statutory pro-
visions governing security interests under
the Uniform Commercial Code, which have
no applicability to federal tax liens.

The judgment of the district court is re-
versed with directions to enter judgment
treating the claim of the United States for
withholding of income taxes and FICA tax-
es as a perfected secured claim in bankrupt-
cy.

REVERSED.

---

\* Fed.R.App.Proc. 34(a), 5th Cir. Local R. 18.

1. Before both the bankruptcy and district
courts, the IRS also attempted to prove the
existence of a levy upon certain of the bank-
rupt's accounts receivable, *cf. United States v.*

*Eiland,* 223 F.2d 118 (4th Cir. 1955), in addition
to proving a lien under I.R.C. § 6321. The IRS
does not appeal from the district court's ad-
verse resolution of the levy issue.