HAROLD TAFT FRANKLIN and CATHERINE FRANKLIN, as Administrators, etc., of DONALD LeROY FRANKLIN, Deceased, Respondents, v. THE CITY OF NORWICH, Appellant, and THE BOARD OF EDUCATION OF UNION FREE SCHOOL DISTRICT No. 1 OF THE TOWN AND CITY OF NORWICH, NEW YORK, Defendant.— Defendant, City of Norwich, has appealed from an order of the Chenango Special Term of the Supreme Court denying its motion for judgment on the pleadings on the ground that the complaint fails to state a cause of action. The city's contention is that the complaint fails to allege a proper presentation of the claim, out of which the action arose, to the common council of the city as required by the provisions of the City Charter. While the complaint is not a model pleading the allegations thereof and the statements in the bill of particulars contain all the essential elements of a good cause of action in compliance with the provisions of the defendant's charter. Order unanimously affirmed, with ten dollars costs and disbursements. Present — Hill, P. J., Bliss, Heffernan, Schenck and Foster, JJ.

In the Matter of Supplementary Proceedings: ESBECO DISTILLING CORPORATION, Judgment Creditor, Respondent, v. PETRUS J. BLOCK, Doing Business under the Firm Name and Style of THE MID BLOCK CAFE, Judgment Debtor; MONTROSE INDUSTRIAL BANK, Assignee, Appellant.— Appeal from order directing the State Comptroller to pay a portion of a fund to the judgment debtor. The Comptroller has eighty-five dollars in his possession in connection with the surrender of liquor license 4029, issued to Petrus J. Block, licensee. This sum is claimed by the appellant bank, as assignee, and a portion by Esbeco Distilling Corporation, judgment creditor of Block. Disposition summarily of the fund may not be made when its ownership is the subject of an arguable controversy. ( Kenney v. South Shore N. G. & F. Co., 201 N. Y. 89; Matter of Delaney, 256 id. 315; Rosenberg v. Rosenberg, 259 id. 338; Woodside Presbyterian Church v. Burden, 240 App. Div. 43; Powley v. Dorland Building Co., Inc., 256 id. 934.) In Alchar Realty Corp. v. Meredith Restaurant, Inc. (256 App. Div. 853) this court determined that an arguable controversy did not exist. Order reversed, on the law and facts, with ten dollars costs and disbursements. Hill, P. J., Crapser, Bliss, Heffernan and Foster, JJ., concur.