In the Matter of Supplementary Proceedings: Guido Vaccari and Mauro Piccinini, Copartners, d/b/a Ninth Avenue Meat and Poultry Market, Judgment Creditors, v. Maison Paris, Inc., Judgment Debtor.

Supreme Court, Special Term, Albany County, November 18, 1940.

Arthur J. Harvey, for judgment creditors.

John J. Bennett, Jr., Attorney-General [W. Gerard Ryan, Assistant Attorney-General, of counsel], for the State of New York.

SCHIRICK, J. The judgment debtor has surrendered its liquor license. The Comptroller of the State of New York holds the sum of $985 as a refund upon such license. This sum has been attached by various judgment creditors of the licensee, by service upon the Comptroller of third-party subpœnas, containing the usual stay.

The State of New York claims an offset in the amount of $1,418.84, representing unpaid unemployment insurance and franchise taxes. It seeks to vacate the stay to the extent of enabling it to collect such taxes from the refund. This application is opposed by the judgment creditors, who insist that the validity and the amount of the offset should be established by plenary action, rather than by motion.

The court is in agreement with the position of the creditors, and the ruling in *Capitol Distributors Corp.* v. *Kents Restaurant, Inc.* (173 Misc. 827), that the stay applies, until vacated, to the claim of the State.

Whether the setoff may be established by motion, or must await plenary action, must depend upon the strength of the conflicting claims. The attaching creditor, or any person standing in the place of the surrendering licensee, is entitled, at least, to *prima facie* evidence of the validity and amount of the claimed setoff. Where the facts supporting such setoff are not given with sufficient particularity, or where they are substantially controverted by opposing affidavits, an arguable issue is presented which should not be decided on motion. (*Esbeco Distilling Corp.* v. *Block*, 258 App. Div. 757.) In other cases it may be apparent that there is no defense to the claim of setoff, and in such case it may be summarily allowed. Each motion must be decided upon the facts there developed.

In this case the moving papers state the amount due for taxes upon information and belief. No attempt is made to give the facts upon which the taxes are based. The judgment creditor is entitled to an opportunity to determine for himself whether the claimed taxes are a valid setoff in the amount claimed. This opportunity has not been afforded him by the motion papers presented in this case.

The motion is denied, without prejudice to renewal upon new papers.