**UNITED STATES of America,**
**Plaintiff,**

v.

**PAY-O-MATIC CORP., Samuel Goldstein, The City of New York, and R. L. Polk & Co., Inc., Defendants.**

United States District Court
S. D. New York.
June 28, 1957.

Paul W. Williams, U. S. Atty. for the S. D. of New York, New York City, for the United States. Nicholas Tsoucalas, Asst. U. S. Atty., New York City, of counsel.

Samuel Goldstein & Sons, New York City, for defendant Samuel Goldstein.

Peter Campbell Brown, Corp. Counsel, New York City, for The City of New York.

LEVET, District Judge.

The government has moved pursuant to Rule 65 of the Federal Rules of Civil Procedure, 28 U.S.C.A., for an order enjoining the defendant, The City of New York, from paying out any part of the defendant Pay-O-Matic Corp.'s award in condemnation proceedings, said award now being in the hands of the Comptroller of the City of New York, to any party, and further enjoining all the defendants from taking any further action with regard to said award until the final determination of this action and the further order of this court. The defendant Samuel Goldstein has cross-moved to strike paragraphs (3) and (4) of the "Wherefore" Clause of the complaint because of lack of jurisdiction of the subject matter.

The following facts are not disputed:

1. On August 5, 1955, title to certain fixtures owned by defendant Pay-O-Matic Corp. became vested in The City of New York by reason of condemnation proceedings which were commenced in the Supreme Court of the State of New York, New York County, in connection with the Washington Square Slum Clearance Project. The United States of America was not a party to these condemnation proceedings.

2. The District Director of Internal Revenue assessed taxes against the defendant, Pay-O-Matic Corp., and by virtue of such assessments a lien attached to all property or rights to property including after acquired property belonging to the defendant Pay-O-Matic Corp. by virtue of Section 6321 of Title 26, U.S.C.A.

3. On December 6, 1955, a notice of levy was served upon defendant Pay-O-Matic Corp. by serving same on Max Mittenberg, the president of that corporation, and on December 12, 1955, a notice of tax lien was filed in the office of the Register of the City of New York, County of New York, in the amount of $11,629.44, covering withholding taxes due from defendant Pay-O-Matic Corp. for the years 1954 and 1955.

4. On April 5, 1956, a notice of levy was filed in the office of the Comptroller of the City of New York, Division of Awards in order to attach any funds which the City of New York may allow defendant Pay-O-Matic Corp. for the property taken over by the City of New York.

5. An amended notice of tax lien was filed in the office of the Comptroller of the City of New York, Division of Awards and the office of the Register of the City of New York for withholding taxes for all quarters of 1955 and for Federal Unemployment taxes due for 1955.

6. On August 22, 1956, a final decree was entered in the office of the Clerk of New York County in the condemnation proceedings, awarding defendant Pay-O-Matic Corp. $4,350, plus interest in the sum of $219.28, for the taking of its trade fixtures.

7. There is now in the hands of the Comptroller of the City of New York approximately $4,569.28 belonging to defendant Pay-O-Matic Corp., which is subject to the liens of the United States of America and the defendants The City of New York, Samuel Goldstein, and R. L. Polk & Co., Inc.

8. There is now pending in the Supreme Court of the State of New York a motion, brought by defendant Samuel Goldstein, for an order (1) amending the final decree in the condemnation proceeding, and (2) determining and enforcing the attorneys' lien of Samuel Goldstein & Sons against the award made to defendant Pay-O-Matic Corp., and payment thereof.

█ Upon the foregoing facts, it is apparent that since the United States has an interest in the condemnation award by reason of its tax lien and since it has not consented to the New York Supreme Court's determination of its interest in said award, it follows, therefore, that the United States "may commence and maintain in its own courts such proceedings as may be necessary and appropriate to safeguard and protect its interests, even though such property prior thereto may have been brought within the jurisdiction of a state court for the purpose of adjudicating the rights of private litigants therein, over whom that court has acquired jurisdiction." United States v. Inaba, D.C., 291 F. 416, 419.

██ Moreover, where necessary in aid of its jurisdiction, a court of the United States may stay proceedings in a state court. See 28 U.S.C.A. § 2283. The granting of the injunctive relief requested by the government is necessary in order to preserve the jurisdiction of this court in the action wherein the United States seeks to adjudicate its claim of priority with respect to the condemnation award.

Accordingly, the defendant Goldstein's motion to strike prargraphs (3) and (4) of the "Wherefore" Clause of the complaint is denied and the government's motion for a temporary injunction pending the determination of the pending action in this court is granted.

Settle order on notice.