UNITED STATES of America,
Plaintiff,

v.

WEBSTER RECORD CORP., Bankers
Trust Company and The Borden
Chemical Company, Defendants.

United States District Court
S. D. New York.

March 23, 1961.

S. Hazard Gillespie, Jr., U. S. Atty., S. D. of New York, New York City, for the United States.

Joseph M. Field, Asst. U. S. Atty., New York City, of counsel.

Jacob F. Gottesman, New York City, for The Borden Chemical Co. Harold M. Brown, New York City, of counsel.

WEINFELD, District Judge.

This suit by the United States of America seeks to enforce its asserted lien priority for unpaid taxes with respect to a deposit of $8,634.20 held by the defendant, Bankers Trust Company (Bankers), for the account of the defendant, Webster Record Corp. (Webster), the delinquent taxpayer. The controversy is really between the United States and a third defendant, The Borden Chemical Company (Borden), which contends that its lien, based upon a judgment entered in the New York State Supreme Court in its favor and against Webster, has priority over that of the United States.

Following the entry of its judgment in the State Court, Borden initiated sup-

plementary proceedings[1] under which Bankers was restrained from paying out the Webster deposit; thereafter it moved, pursuant to section 794 of the Civil Practice Act, to compel Bankers to turn over the deposit to it in partial satisfaction of its judgment. The Government was not a party to the State Court action, nor did it appear in the supplementary proceedings which followed the entry of judgment.

Subsequently, on October 4, 1960, the Commissioner of Internal Revenue served notice of levy upon Bankers with a demand for the surrender of the Webster deposit. Borden then served upon the United States a copy of its motion papers for the turnover order, which was still pending. Thereupon, the Government, rather than appear in the State proceedings, commenced this action, naming as defendants all interested parties, to determine its right to the deposit and to foreclose its lien.

By this motion the Government moves, pursuant to Rule 65 of the Federal Rules of Civil Procedure, 28 U.S.C., to restrain Bankers from paying the deposit to Borden and to enjoin Borden and the other defendants from taking any steps with respect to the fund until the final determination of this action.

The parties have submitted elaborate briefs which go to the ultimate merits of the issue of priority and whether federal or state law governs. However, the issue before the Court on plaintiff's motion for a preliminary injunction is limited—whether to preserve the status quo by preventing disbursement of the fund until the issue of priority is determined.

As already noted, the Government was not named as a defendant in the original action and declined to appear in the supplementary proceedings. Thus, any direction made to Bankers by the State Court to turn over the Webster deposit to Borden would not be binding upon the Government, would not resolve the controversy and would only lead to further litigation.

Moreover, even were the Government to intervene in the supplementary proceedings, the issue could not be disposed of summarily therein. Since there is a substantial dispute as to priority to the fund, the issue, under New York law, must be resolved in an appropriate plenary action, where the Government must be named as a defendant in order to make any determination of priorities binding upon it.[2] In such an action the Government is amenable to service as a defendant under 28 U.S.C. § 2410, but in such event it would be entitled to remove the action to this Court.[3] In view of this pending suit, it is clear that the Government would exercise its right to remove, and indeed has so stated on this motion. In end result it would be an idle gesture to permit Borden to proceed in the State Court, since its action would eventually be removed to this Court.

Apart from the foregoing, the instant suit is the only one wherein all claimants or parties who have an interest in the fund are defendants, and a judgment herein would conclusively determine their respective rights.

Under all the circumstances, the stay sought on this application is a proper exercise of this Court's equitable power to protect or effectuate any judgment which may be entered herein.[4]

The application for an injunction is granted.

1. New York Civil Practice Act, § 773 et seq.

2. See Kenney v. South Shore Natural Gas & Fuel Co., 1911, 201 N.Y. 89, 94 N.E. 606; Esbeco Distilling Corp. v. Block, 3d Dep't 1939, 258 App.Div. 757, 14 N.Y.S.2d 765 (per curiam); Foley v. Foley, 1st Dep't 1939, 257 App.Div. 154, 12 N.Y.S.2d 85 (per curiam). Cf. New Hampshire Fire Ins. Co. v. Scanlon, 1960, 362 U.S. 404, 80 S.Ct. 843, 4 L.Ed. 2d 826.

3. 28 U.S.C. § 1444.

4. Cf. Leiter Minerals, Inc. v. United States, 1957, 352 U.S. 220, 77 S.Ct. 287, 1 L.Ed.2d 267.