UNITED STATES of America,

v.

CAMERON CONSTRUCTION CO., Inc., et al., Defendants.

United States District Court
S. D. New York.

Oct. 5, 1965.

Robert M. Morgenthau, U. S. Atty., Southern Dist. of New York, Martin Paul Solomon, Asst. U. S. Atty., of counsel, for the United States.

Thomas J. Plunket, Kingston, N. Y., for defendant Kerhonkson Nat. Bank.

LEVET, District Judge.

This motion by plaintiff, United States of America, is for a preliminary injunction barring defendants Vincent J. Smith, Inc. and Kerhonkson National Bank from proceeding in any other action to obtain or determine the title to any of the assets which are the subject matter of this action.

The action in this court is to impress a trust under Article 3–A of the Lien Law of the State of New York, McKinney's Consol.Laws, c. 33, and to foreclose certain federal tax liens.

The following facts appear to be undisputed:

(1) On or about May 8, 1964, defendant Vincent J. Smith, Inc. (herein "Smith"), by a written agreement, became the general contractor for the erection of a Veterans Hospital at Ellenville, New York;

(2) Thereafter and on or about June 3 and July 27, 1964, Smith entered into written contracts with defendant Cameron Construction Co., Inc. (herein "Cameron") to supply labor and materials as subcontractor;

(3) On September 29, 1964, Cameron assigned the proceeds of its June 3, 1964 contract with Smith to the defendant Kerhonkson National Bank (herein "the Bank") as collateral security for advances upon promissory notes;

(4) On or about February 16, 1965, the Bank filed a judgment against Cameron in the sum of approximately $25,235.89 in the office of the Clerk of Ulster County;

(5) On the subcontract above mentioned there is presently due and owing to Cameron from Smith the sum of $12,663.04 plus the sum of $9,726.16 withheld under a 15% clause payable 30 days after final acceptance;

(6) On October 27, 1964, the District Director of Internal Revenue caused a Notice of Federal Tax Lien to be filed with the County Clerk of Orange County and with the Town Clerk of the Town of Montgomery, covering an assessment of $9,951.88 made against Cameron for unpaid withholding taxes for the third quarter of 1964 for which demand on the taxpayer had been made;

(7) A Notice of Lien in the amount of $9,762.26 was served on Smith on November 20, 1964 demanding that Smith turn over to the United States of America the property of Cameron held by Smith;

(8) Subsequently, similar proceedings were taken by the government with respect to Cameron and Smith in regard to other withholding and unemployment taxes of Cameron;

(9) The Bank has instituted supplementary proceedings in the Supreme Court, Ulster County, against Smith to compel Smith to pay to the Bank any and all monies Smith is holding for Cameron;

(10) None of the parties to this action other than the Bank and Smith are parties to the supplementary proceeding in the state court.

The present plaintiff claims the sums paid or owing to Cameron from Smith constitute trust funds under Article 3–A of the Lien Law of the State of New York and that the United States of America is a trust beneficiary under Section 77(8) of the said article and asks for appropriate relief.

The basis of the claim by the United States of America is that Article 3–A trusts and tax claims by the United States are prior and superior to the

rights of the Bank to the monies held by Smith.

Here the United States of America seeks to enjoin the Bank and Smith from proceeding to the determination of the title to the monies by Cameron held by Smith in the state court proceeding.

The parties to the state action are parties here. Other parties here are six mechanic lienors and certain judgment debtors of Cameron.

■■ It is clear that the rights of the United States to the collection of these tax liens will be frustrated or at least jeopardized if the proceeding in the state court, to which the United States is not a party, continues. The Bank claims that the government has submitted to the jurisdiction of the State Supreme Court by reason of service on the government of notice of a motion to adjourn the state proceeding and the presence of an Assistant United States Attorney in the state court upon the return date of that motion. That claim is without merit. The general rule in New York is that a party submits to the jurisdiction of the court when he becomes an actor in a suit to the extent of participating in the merits. Who is an actor is a question largely of degree, and the application of the rule must necessarily depend on the facts. Henderson v. Henderson, 247 N.Y. 428, 160 N.E. 775 (1928). The facts here do not show sufficient participation by the government to warrant the conclusion that the government has submitted to the jurisdiction of the state court.

■ The United States is entitled to the preliminary relief herein sought even though an action has been previously commenced in a state court. Leiter Minerals, Inc. v. United States, 352 U.S. 220, 77 S.Ct. 287, 1 L.Ed.2d 267 (1957); United States v. Webster Record Corp., 192 F.Supp. 104 (S.D.N.Y.1961); United States v. Pay-O-Matic Corp., 152 F.Supp. 791 (S.D.N.Y.1957); Title 28 U.S.C. § 2283.

■■ It appears that all matters can be determined in this present federal court action. A summary determination of priorities involving property rights in federal tax liens is not favored. New Hampshire Fire Insurance Company v. Scanlon, 362 U.S. 404, 80 S.Ct. 843, 4 L.Ed.2d 826 (1960); Fine Fashions, Inc. v. Moe, 172 F.Supp. 547 (S.D.N.Y. 1959); Kenney v. South Shore Natural Gas & Fuel Co., 201 N.Y. 89, 94 N.E. 606 (1911). Even if the government were to intervene in the state proceeding, the issues could not be finally determined since not all of the parties who are interested in the fund are before the state court. It also appears that jurisdiction is solely in the federal court. See Title 28 U.S.C. § 2463.

■ Here, a notice of levy was served by the government on Smith, and this constituted a constructive seizure of the fund held by said defendant. Rosenblum v. United States, 300 F.2d 843 (1st Cir. 1962); United States v. Eiland, 223 F.2d 118 (4th Cir. 1955); In Matter of San Fernando Valley Restaurants, Inc., 236 F.Supp. 777 (S.D.Cal.1964); Little Audrey's Transportation Company v. Beverly Bank, 236 F.Supp. 352 (S.D.Ill. 1964); United States v. Manufacturers National Bank, 198 F.Supp. 157 (N.D. N.Y.1961); see Regulations 301.6331–1 (a) (1). The Bank argues that no seizure was accomplished since the taxpayer Cameron previously had assigned the proceeds of the contract of June 3, 1964 to the Bank. The plaintiff contests the validity of that assignment by reason of both the language of the June 3rd contract and Article 3–A of the Lien Law of the State of New York. The validity of the assignment aside, it is uncontested that the contract of July 27, 1964 has not been assigned. There is no doubt, therefore, that this court has jurisdiction over the proceeds of the July contract. Moreover, on a motion for a preliminary injunction, the issue is "whether to preserve the status quo by preventing disbursement of the fund until the issue of priority is determined." United States v. Webster Record Corp., supra, 192 F.Supp. at 105. That issue may be determined by this court, apply-

ing New York law, in an appropriate plenary proceeding. Ibid.

The Bank, relying on Raffaele v. Granger, 196 F.2d 620 (3rd Cir. 1952), further argues that this action must be dismissed since the government failed to institute this action in the district where the funds are situated which the Bank claims is the Northern District of New York. This argument, however, is without merit. Since it appears that the taxpayer Cameron has its principal place of business within the Southern District of New York and that the defendant Smith, which holds the funds, does business within the district, venue is properly laid in the Southern District of New York. 28 U.S.C. § 1391; cf. United States v. Hopkins, 193 F.Supp. 207 (S.D.N.Y.1960).

The motion for preliminary injunction is granted.

Submit order on notice reciting the basic reasons for the relief granted.