**UNITED STATES of America, Plaintiff,**

**v.**

**CERTIFIED INDUSTRIES, INC., Meteor Concrete Corporation, Doral Park Avenue Hotel Corporation, Carol Management Corporation, Hotel Seventy Park Avenue Corporation, Vernon Lumber Corporation, Continental Casualty Company, and the People of the State of New York, Defendants.**

United States District Court
S. D. New York.

Oct. 5, 1965.

Robert M. Morgenthau, U. S. Atty. Southern Dist. of New York, Martin P. Solomon and Harvey R. Blau, Asst. U. S. Attys., of counsel, for the United States.

Geist, Netter & Marks, New York City, for defendant Certified Industries, Inc.

Dreyer & Traub, Brooklyn, N. Y., for defendants Doral Park Avenue Hotel Corp., Carol Management Corp. and Hotel Seventy Park Avenue Corp.

LEVET, District Judge.

Plaintiff has moved for a preliminary injunction under Rule 65 of the Federal Rules of Civil Procedure, 28 U.S.C., seeking to enjoin defendant Certified Industries, Inc. (Certified) and other named defendants from proceeding in any action other than the instant one to obtain and determine the title to any of the assets which are the subject of this action.

The following facts are not disputed:

1. On or about September 10, 1962, defendant Carol Management Corporation. (Carol) was the owner of the real property at 70 Park Avenue, New York City. On or about September 10, 1962, Carol entered into a contract for the improvement of said real property at 70 Park Avenue, New York City, with defendant Meteor Concrete Corporation (Meteor). Meteor was to provide the labor, materials and equipment for said improvement. Meteor was to receive $80,000 as consideration therefor.

2. Meteor, prior to the completion of said contract, defaulted after it had been paid $72,981 by Carol. Carol or its successors in interest, Doral Park Avenue Hotel Corporation (Doral) and Hotel Seventy Park Avenue Corporation (Hotel), completed the contract at a cost of $3,541.51, leaving a balance due and owing to Meteor of $3,477.49.

3. Between October 30, 1962 and March 13, 1963, Certified or its predecessor corporation furnished concrete which was used in the improvement of the real property at 70 Park Avenue, pursuant to agreement with Meteor. The agreed price of the concrete was $11,940.69.

4. Meteor has paid to Certified only $8,915.00, leaving a balance due and owing of $3,025.69. In consequence of this balance due, Certified caused a mechanic's lien to be filed against the property at 70 Park Avenue. Certified now seeks to reduce this lien to judgment against the fund of $3,477.49 in the hands of Carol and its successors, in an action now pending in the Supreme Court of the State of New York.[1] The United States is not a party to the state court action.

5. On June 30, 1965, the United States commenced this action in this court, alleging the failure of Meteor to remit certain taxes attributable to the work at 70 Park Avenue assessed as due and owing by the District Director of Internal Revenue. Previously, between August 9, 1963 and September 9, 1964, several notices of levy and demands for payment had been served by the United States on Carol. The taxes due, consisting of Federal Withholding Taxes, Federal Insurance Contribution Act Taxes and Federal Unemployment Tax Act Taxes, are alleged to total $3,891.01. The United States has joined all interested persons as defendants in this action and seeks to assert its priority over all claimants, including Certified, to the fund in the hands of Carol and its successors. The United States specifically states that it is not seeking to derive this priority from any federal tax lien on the fund. It seeks, rather, to impose a trust on that fund pursuant to Article 3–A of the New York Lien Law and have distribution made as provided therein.[2]

This court is not without some reservations as to the probability of the ultimate success of the government's claim in this action, in light of New York Lien Law, §§ 78, 79 and 1959 New York Leg.Doc. 65(F) 16, 40 (1959 Report of the Law Revision Commission). However, as was said in B. W. Photo Utilities v. Republic Molding Corp., 280 F.2d 806 (9th Cir. 1960) at 807: "It is not the function of a preliminary injunction to decide the case on the merits, and the possibility that the party obtaining a preliminary injunction may not win on the merits at the trial is not determinative of the propriety or validity of the trial court's granting the preliminary injunction." Rather, the issue before this court is whether to preserve the status quo until a complete hearing on the merits can be had. See United States v. Webster Record Corp., 192 F. Supp. 104 (S.D.N.Y.1961).

[1]. Certified purports to be proceeding under Articles 2 and 3, New York Lien Law.

[2]. New York Lien Law, §§ 70–79 comprise Article 3–A. The provisions regarding distribution of trust assets are contained in Section 77, especially subdivision (8) thereof.

278

As was noted above, the United States was not made a party to the state court action. It would, therefore, not be bound on its claim by any judgment therein. Thus, refusing to grant this injunction would not settle the controversy, but would lead instead to further litigation.

Moreover, were the United States now made a defendant in the state court action, as it appears it could be pursuant to 28 U.S.C. § 2410,[3] the action could be removed to this court under 28 U.S.C. § 1444. In light of the present action, such removal by the government seems probable, as indeed the government suggests in its papers. Since the action would under those circumstances ultimately return to this court, denial of present relief has aptly been termed an "idle gesture."

The power of the federal court to enjoin state court proceedings in order to protect or effectuate federal court judgments which may thereafter be entered, especially where the United States is the plaintiff in the federal action, is no longer open to doubt. Leiter Minerals, Inc. v. United States, 352 U.S. 220, 77 S.Ct. 287, 1 L.Ed.2d 267 (1957); United States v. Webster Record Corp., supra; United States v. Pay-O-Matic Corp., 152 F.Supp. 791 (S.D.N.Y.1957); and see 28 U.S.C. § 2283.

A complete hearing on the merits should be had.[4] This proceeding is the only one in which all interested persons are joined. Judgment herein would conclusively determine all rights to the fund under the New York Lien Law. Judgment in the state court action might well make judgment herein difficult to effectuate or enforce. This is an appropriate case for the court to exercise its equitable power to protect any judgment which may be entered herein.

The application for a preliminary injunction is granted.

Settle order on notice.

---

3. Although claiming no priority as a result thereof in this case, the government has filed several tax liens against the fund and sent a notice thereof to defendant Carol.

4. Summary determinations in such matters are not favored. See New Hampshire Fire Insurance Co. v. Scanlon, 362 U.S. 404, 80 S.Ct. 843, 4 L.Ed.2d 826 (1960).