**UNITED STATES of America, Plaintiff,**

v.

**FARMERS STATE BANK, a Corporation, Mittan-Peterson Implement Company, a Corporation, and LeRoy E. Duke and Rose Marie Duke, Defendants.**

**Civ. 65–95S.**

United States District Court
D. South Dakota, S. D.

Jan. 18, 1966.

Harold C. Doyle, U. S. Atty., District of South Dakota, and Gene R. Bushnell,

Asst. U. S. Atty., Sioux Falls, S. D., for plaintiff.

Lyle E. Cheever, of Cheever & Mydland, Brookings, S. D., for defendant Mittan-Peterson Implement Co., a corporation.

NICHOL, District Judge.

This case is before the court on plaintiff's motion for a preliminary injunction restraining the defendant Mittan-Peterson Implement Company, hereinafter referred to as the Implement Company, from noticing for trial or pursuing its garnishment action in Circuit Court, Sanborn County, South Dakota, against the defendant Farmers State Bank and defendants LeRoy E. Duke and Rose Marie Duke.

From the affidavits submitted by both parties, it is apparent that the basic facts out of which this motion developed are uncontroverted. LeRoy E. Duke and his wife, Rose Marie Duke, became indebted to the Farmers Home Administration through three promissory notes dated March 2, 1959, November 1, 1961, and February 18, 1963. The promissory notes were secured by a series of crop and chattel mortgages to the United States of America, the most recent of which was dated February 5, 1965, and filed for record the following day.

On March 19, 1965, an Agreement for Public Sale was entered into between LeRoy and Rose Marie Duke and the Farmers Home Administration. The defendant Farmers State Bank signed the Agreement as clerk of the sale and agreed therein to hold the proceeds of the sale in trust to be distributed in accordance with the terms of the Agreement.

In accordance with the Agreement for Public Sale, a farm sale was held on April 5, 1965, the net amount of the sale being $21,331.66. After crediting all payments made as of November 2, 1965, LeRoy and Rose Marie Duke remain indebted to the Farmers Home Administration in the sum of $24,825.00, together with interest, this sum not including any of the proceeds of the April 5, 1965, farm sale.

On May 25, 1964, the defendant Implement Company recovered a judgment in the amount of $1,517.66 against LeRoy and Rose Marie Duke, such judgment being duly filed and docketed. On April 2, 1965, the Implement Company caused to be issued an execution upon the judgment and subsequently issued a garnishment in aid of such execution. On April 5, 1965, said garnishment was served upon the Farmers State Bank. Thereafter the Farmers State Bank served a disclosure in such garnishment stating in substance that it was not liable as garnishee and that the proceeds from the April 5, 1965, farm sale held by the Bank, as clerk of said sale, were held in trust for the Farmers Home Administration. Subsequently the Implement Company served upon the Bank a notice of election to take issue with such disclosure, and the same is on the November calendar of the Circuit Court of Sanborn County, South Dakota.

The United States instituted this action in this court pursuant to 28 U.S.C. Sec. 1345, seeking to recover from the Farmers State Bank $21,331.66 and interest, said sum being the net proceeds of the April 5, 1965, farm sale, and to restrain and enjoin the Implement Company from pursuing its garnishment action in state court.

Plaintiff's motion for a preliminary injunction restraining the defendant Implement Company from pursuing its garnishment action in state court presents two basic questions. First, is this court precluded from enjoining a State court proceeding by reason of 28 U.S.C. Sec. 2283, which provides that:

"A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

■ The fact that the United States seeks to enjoin a party to the state court action rather than the state court itself is immaterial and would not for that reason alone take this case outside of the

scope of 28 U.S.C. Sec. 2283. Oklahoma Packing Co. v. Oklahoma Gas & Electric Co., 309 U.S. 4, 60 S.Ct. 215, 84 L.Ed. 447 (1940); see generally Wright, Federal Courts 155 (1963).

█ It is not necessary for the purposes of this motion to determine if the facts of this case would bring it within one of the exceptions enumerated in 28 U.S.C. Sec. 2283. This section is inapplicable where the United States is seeking an injunction to stay state court proceedings. In the controlling case of Leiter Minerals, Inc., v. United States, 352 U.S. 220, 226, 77 S.Ct. 287, 291, 1 L.Ed. 2d 267 (1957), Mr. Justice Frankfurter states:

> "The frustration of superior federal interests that would ensue from precluding the Federal Government from obtaining a stay of state court proceedings except under the severe restrictions of 28 U.S.C. Sec. 2283 would be so great that we cannot reasonably impute such a purpose to Congress from the general language of 28 U.S.C. Sec. 2283 alone."

The Court expressly held that 28 U.S.C. Sec. 2283 is inapplicable to a suit instituted by the United States. For further application of this rule see Alonzo v. United States, 249 F.2d 189 (10th Cir. 1957), cert. denied, 355 U.S. 940, 78 S.Ct. 429, 2 L.Ed.2d 421 (1958); Eden Memorial Park Ass'n v. United States, 300 F.2d 432 (9th Cir. 1962); United States v. Wood, 295 F.2d 772 (5th Cir. 1961).

The question remaining before this court is whether it would be proper under the circumstances of this case to grant the injunction staying State court proceedings.

That the Supreme Court in the *Leiter* case, supra, unanimously held that 28 U.S.C. Sec. 2283 is inapplicable to a suit instituted by the United States does not remove from this court's consideration the fact that the federal courts, as a rule of comity, should avoid any needless friction between the federal and state courts. "Even where a federal court may enjoin a state court proceeding, such equitable relief should be granted only when the federal court * * * is convinced that the asserted federal right cannot be preserved except by granting the 'extra-ordinary relief of an injunction in the federal courts.'" United States v. Leiter Minerals, Inc., 127 F.Supp. 439, 441 (E.D.La.1954), aff'd, 224 F.2d 381 (5th Cir. 1955), modified, 352 U.S. 220, 77 S.Ct. 287, 1 L.Ed.2d 267 (1957). The propriety of granting the injunction sought by the United States in this case must be determined with these principles in mind.

█ In the garnishment action instituted in state court, the Farmers State Bank, as garnishee defendant, is a mere stakeholder, and LeRoy and Rose Marie Duke, as principal defendants, have little if any interest in the outcome of the action since the funds held by the Bank are insufficient to even satisfy their indebtedness to the United States. In fact they have not made an appearance in said action. The basic dispute underlying that action is between the Implement Company and the United States, requiring a determination as to whether all of the property sold pursuant to the Agreement for Public Sale was in fact mortgaged to the United States. Any decision rendered by the state court would, therefore, directly affect the interests of the United States in the funds held by the Bank as its trustee. In effect the garnishment action is a suit against the United States. As stated by the Supreme Court in United States v. State of Alabama, 313 U.S. 274, 282, 61 S.Ct. 1011, 1014, 85 L.Ed. 1327 (1941), "A proceeding against property in which the United States has an interest is a suit against the United States." Maricopa County v. Valley Nat'l Bank, 318 U.S. 357, 63 S.Ct. 587, 87 L.Ed. 834 (1943).

The United States, although directly interested in the outcome of the garnishment action, is not a party to the action, and because of its sovereign immunity it cannot be made such without the consent of Congress, which has been withheld in suits of this nature. The principle of sovereign immunity is so well establish-

ed that it requires only cursory treatment here. The Supreme Court has held on many occasions that the United States as a sovereign nation cannot be sued in any court without its consent and Congress alone can grant such permission. United States v. State of Alabama, supra; State of Minnesota v. United States, 305 U.S. 382, 59 S.Ct. 292, 83 L.Ed. 235 (1939); United States v. Shaw, 309 U.S. 495, 60 S.Ct. 659, 84 L.Ed. 888 (1940).

■ The United States could become a party to the garnishment action only by the act of voluntary intervention. Even if the United States were authorized to intervene in the State court action,[1] there is no duty upon it to do so. Alonzo v. United States, supra. Therefore, whether the United States chooses to intervene where it is authorized to do so is completely discretionary, and in the present case the United States has chosen not to intervene in the garnishment proceeding.

Since the United States is not a party to the state court proceeding, and cannot be made such, any decision rendered by the state court could not be binding upon it. The situation is similar to that in the *Leiter* case, in which the Court stated:

"We start with one certainty. The suit in the federal court was the only one that could finally determine the basic issue in the litigation * * *. The United States was not a party to the state suit and, under settled principles, title to land in possession of the United States under a claim of interest cannot be tried as against the United States by a suit against persons holding under the authority of the United States." 352 U.S. 220 at 226, 77 S.Ct. 287 at 291.

In the suit instituted by the United States in this court, all of the persons interested in the action have been named as parties. This court, as in the Leiter case, is the only court in which a judgment could be rendered that would conclusively determine all rights to the fund. As stated by the District Court for the Southern District of New York[2] in the United States v. Certified Indus., Inc., 247 F.Supp. 275, 278 (S.D.N.Y.1965), "(T)he United States was not made a party to the state court action. It would, therefore, not be bound on its claim by any judgment therein. Thus, refusing to grant this injunction would not settle the controversy, but would lead instead to further litigation."

The defendant, Implement Company, contends that this case is controlled by the principle set forth in the United States v. Bank of New York & Trust Co., 296 U.S. 463, 56 S.Ct. 343, 80 L.Ed. 331 (1936), that when the state court obtains jurisdiction over the *res* first, that court should resolve the issues. This case, however, may be distinguished from the Bank of New York case. In the Bank of New York case, the United States was asserting an affirmative claim to funds that neither it nor anyone holding on behalf of the United States ever possessed. In the action in this court, the United States is seeking to protect and defend its rights to certain funds held in trust

---

[1]. It would appear without deciding that the United States could intervene in the garnishment action under 7 U.S.C. Sec. 1981(e), the Agricultural Credit chapter, which provides that the Secretary of Agriculture may:
"* * * collect all claims and obligations arising or administered under this chapter, or under any mortgage, lease, contract, or agreement entered into or administered pursuant to this chapter and, if in his judgment necessary and advisable, pursue the same to final collection in any court having jurisdiction."

[2]. The District Court for the Southern District of New York has recently had several cases before it in which the United States has sought to enjoin state court proceedings. United States v. Pay-O-Matic Corp., 152 F.Supp. 791 (S.D.N.Y.1957); United States v. Webster Record Corp., 192 F.Supp. 104 (S.D.N.Y. 1961); United States v. Cameron Construction Co., Inc., 246 F.Supp. 869 (S.D. N.Y.1965); United States v. Certified Indus., Inc., supra. In each case the court has granted the injunction.

for the United States, which rights are presently being challenged in a legal proceeding to which it is not and cannot be made a party. In distinguishing the Leiter case from the Bank of New York case, the Supreme Court stated:

"Therefore, since the position of the United States is essentially a defensive one, we think that it should be permitted to choose the forum in this case, even though the state litigation has the elements of an action characterized as quasi in rem." 352 U.S. 220 at 228, 77 S.Ct. 287, at 292.

In United States v. Inaba, 291 F. 416, 419 (E.D.Wash.S.D.1923), the court stated that the United States

"may commence and maintain in its own courts such proceedings as may be necessary and appropriate to safeguard and protect its interests, even though such property prior thereto may have been brought within the jurisdiction of a state court for the purpose of adjudicating the rights of private litigants therein, over whom that court has acquired jurisdiction." United States v. Pay-O-Matic Corp., 152 F.Supp. 791, 793 (S.D.N.Y.1957)

It should also be noted that in the *Bank of New York* case, several indispensable parties had not been made parties to the federal court action, a situation not present in this suit.

■ The rights of the United States to the proceeds from the Agreement for Public Sale may be irreparably injured if the garnishment action in state court, to which the United States is not a party, is permitted to continue. Under the circumstances of this case it is appropriate for this court to exercise its equitable powers to protect the interests of the United States which are being challenged in that garnishment action.

The application by the United States for a preliminary injunction is granted, and this memorandum decision shall constitute the finding of facts and the conclusions of law.