GOGGIN et al. v. CONSOLIDATED LIQUIDATING CORP. et al.

No. 12624.

United States Court of Appeals
Ninth Circuit.

March 8, 1951.

Martin Gendel, Bernard Shapiro, Los Angeles, Cal., for appellant.

Wright & Garrett, Harold F. Collins and Charles T. Munger, all of Los Angeles, Cal., for appellee Consolidated Liquidating Corp.

Ernest A. Tolin, U. S. Atty., Clyde C. Downing and Tobias G. Klinger, Assts., all of Los Angeles, Cal., for appellee U. S. A.

Before HEALY, BONE, and ORR, Circuit Judges.

PER CURIAM.

This appeal is from a reversal by the district court of an order of a bankruptcy referee directing the turnover of a sum of money found to be owing the bankrupts by appellee Consolidated on open account. Prior to the bankruptcy the United States Maritime Commission, pursuant to the provisions of the Anti-Kickback Act, 41 U.S.C.A. § 51, had notified Consolidated to withhold any moneys claimed to be due the bankrupts. In the summary proceeding before the referee, in which the United States intervened, it was developed that substantial questions exist whether Consolidated owes or is obliged to pay any sum to the bankrupt estate. Objection was timely made to the exercise of summary jurisdiction. The district court on proceedings to review held that the claim which the United States was making on Consolidated was substantial, not merely colorable, hence both those parties were entitled to have their rights adjudicated in a plenary suit.

The ruling was obviously correct, Cline v. Kaplan, 323 U.S. 97, 65 S.Ct. 155, 89 L. Ed. 97; Harrison v. Chamberlin, 271 U.S. 191, 195, 46 S.Ct. 467, 70 L.Ed. 897, and the order reversing the referee is affirmed.