**322**

In the Matter of **UNITED GENERAL WOOD PRODUCTS CORPORATION,** a California corporation, **Bankrupt.**

In re Richard R. **CLEMENTS,** Trustee in Bankruptcy, **Applicant,**

United States of America, **Respondent.**

.No. 65130.

United States District Court, C. D. California.

Oct. 28, 1970.

Robert L. Meyer, U. S. Atty., Charles H. Magnuson, Asst. U. S. Atty., Chief, Tax Division, Lawrence V. Brookes, Asst. U. S. Atty., Los Angeles, Cal., for petitioner on Review, United States of America.

Robinson & Wolas, Los Angeles, Cal., for respondent on Review, Trustee Richard R. Clements.

## MEMORANDUM AND ORDER ON REVIEW

WESTOVER, Senior District Judge.

United General Wood Products Corporation (United) factored its accounts receivable with Trans-West Factors (Trans-West). On June 2, 1969 a financing statement by United in favor of Kalof Aluminum Corporation (Kalof) was recorded with the Secretary of State of the State of California, evidencing the security interest of Kalof in the accounts receivable and products of accounts receivable of United. On August 25, 1969 United authorized Trans-West to pay Kalof. Two months later, on October 29, 1969, Internal Revenue Service served a notice of levy on Trans-West which still had possession of the funds. United's petition in bankruptcy was filed December 12, 1969.

The Trustee in bankruptcy applied for an order to turn over the funds held by Trans-West to the Trustee, pursuant to which application the Referee found that the bankruptcy court had summary jurisdiction, overruling the objection to jurisdiction filed by the United States of America. The Referee found Trans-West to be "merely a stakeholder" and that Trans-West made no claim to the funds in its possession; that the funds were, therefore, in the constructive possession of the Trustee in bankruptcy upon filing of the bankruptcy proceed-

ings and ordered Trans-West to turn over to the Trustee the sum of $2,303.28 in its possession, subject to determination of the validity, priority and amount of the liens asserted against the funds by Kalof and the Internal Revenue Service.

Thereafter, upon application of the Trustee, on June 17, 1970 a hearing was held to determine the validity, priority and amount of liens asserted to and upon said sum of $2,303.28 turned over to the Trustee by Trans-West, pursuant to the Referee's Order dated April 15, 1970. At the conclusion of the hearing the Referee ruled that the lien asserted by Internal Revenue Service was subordinate to that of the Trustee and that Internal Revenue Service had no right, title, interest, claim, or lien therein or thereto. This review followed.

■ The bankruptcy court had summary jurisdiction of the funds in question if the bankrupt, United, at the time of bankruptcy had actual or constructive possession thereof. Thompson v. Magnolia Petroleum Co., 309 U.S. 478, 481, 60 S.Ct. 628, 84 L.Ed. 876.

In the cause now on review was the Referee in error in holding that the bankruptcy court had summary jurisdiction?

The Trustee, in points and authorities filed May 19, 1970, states:

"On August 25, 1969, the bankrupt herein, authorized and instructed Trans-West Factors to make payments to Kalof Aluminum Corporation. That written authorization, by formal letter, was a valid assignment of the funds. * * *."

If the letter above mentioned was a valid assignment, it would then appear that United at the time of bankruptcy did not have constructive possession of the funds so assigned.

In the case of In re San Fernando Valley Restaurants, Inc., D.C., 236 F. Supp. 777, the Government claimed that funds there in dispute came into its possession upon service of notice of levy. We cited United States v. Eiland, 223 F.2d 118 (Fourth Circuit) in which the Court stated that service of such notice of levy results in what is virtually a transfer to the Government of the indebtedness or the amount thereof necessary to pay the tax.

Also cited in San Fernando Valley, etc., supra, was Youngstown Sheet & Tube Co. v. Patterson-Emerson, etc., D. C., 227 F.Supp. 208, in which the Court said, at 217:

"Therefore, since the United States levied on the property in the hands of Youngstown Sheet and Tube Co. to enforce the collection of taxes prior to the appointment of a receiver, the debt is reduced to the possession of the United States * * *."

■ This court held, in San Fernando Valley, etc., supra, that the claim of the United States of America was superior to that of the Trustee in bankruptcy. We now hold in this case on review that upon service of the notice of levy the funds levied upon were transferred to the United States of America, subject of course to any prior lien that Kalof might have thereon.

Inasmuch as the fund held by Trans-West had been either assigned to Kalof by the letter of August 25, 1969 or transferred to the United States of America by the Internal Revenue Service notice of levy on October 29, 1969, the bankrupt, United, did not have constructive possession of the fund at the time of bankruptcy filed December 12, 1969. The Trustee, therefore, must bring a plenary action in a court of competent jurisdiction to recover any sum to which he believes the bankrupt entitled. In re Consolidated Container Carriers, Inc., D.C., 254 F.Supp. 605, 609.

It is ordered that this cause is remanded to the Referee in bankruptcy for further action not inconsistent with this memorandum.