**In the Matter of UNITED GENERAL WOOD PRODUCTS CORPORATION, a California corporation.**

**Richard R. CLEMENTS, Trustee-Appellant,**

v.

**The INTERNAL REVENUE SERVICE, Defendant-Appellee.**

**No. 71–1451.**

United States Court of Appeals, Ninth Circuit.

Aug. 17, 1973.

Lawrence A. Diamant (argued), Herbert Wolas of Robinson & Wolas, Los Angeles, Cal., for trustee-appellant.

Karl Schmeidler (argued), Johnnie M. Walters, Asst. Atty. Gen., Tax Div., Dept. of Justice, Washington, D. C., Robert L. Meyer, U. S. Atty., Charles H. Magnuson, Lawrence V. Brooks, Asst. U. S. Attys., Los Angeles, Cal., Meyer T. Rothwacks, Crombie J. D. Garrett, Tax Div., Dept. of Justice, Washington, D. C., for defendant-appellee.

Before ELY and HUFSTEDLER, Circuit Judges, and TURRENTINE, District Judge.[*]

OPINION

HUFSTEDLER, Circuit Judge:

The only issue on appeal is whether the district court, 320 F.Supp. 322, correctly held that the bankruptcy court could not exercise summary jurisdiction to adjudicate the conflicting claims of the Government and the trustee to a fund derived from the debtor's accounts

[*] Southern District of California, sitting by designation.

receivable. We hold that the debtor constructively possessed the fund when it filed its bankruptcy petition and thus that the bankruptcy court had summary jurisdiction.

United General Wood Products Corporation, the debtor, factored its accounts with Trans-West Factors ("Trans-West"). In June 1969, it recorded a financing statement evidencing Kalof Aluminum Company's ("Kalof") security interest in the accounts. Two months later the debtor authorized Trans-West to pay Kalof the proceeds of the receivables. In October 1969, when the balance of the proceeds was $2303.28, the Government, to whom the debtor owed taxes, served notice of levy on Trans-West. The debtor filed its voluntary bankruptcy petition on December 12, 1969. The trustee instituted a turnover proceeding to recover the fund. Over the Government's protest, the referee exercised summary jurisdiction and, after a hearing, held that the Government's interest in the fund was subordinate to the trustee's. Kalof did not protest the proceedings. Trans-West at all times was solely a stakeholder. The district court did not reach the merits because it decided that the referee erred in asserting summary jurisdiction.

The bankruptcy court had summary jurisdiction if United General had constructive possession of the fund when it filed its bankruptcy petition. (Thompson v. Magnolia Petroleum Co. (1940) 309 U.S. 478, 60 S.Ct. 628, 84 L.Ed. 876; see Engelbrecht v. Wildman (9th Cir. 1959) 268 F.2d 133, 134.) Constructive possession "exists where the property was in the physical possession of the debtor at the time of the filing of the petition in bankruptcy, but was not delivered by him to the trustee; where the

property was delivered to the trustee, but was thereafter wrongfully withdrawn from his custody; where the property is in the hands of the bankrupt's agent or bailee; *where the property is held by some other person who makes no claim to it*; and where the property is held by one who makes a claim, but the claim is colorable only." (Taubel-Scott-Kitzmiller Co. v. Fox (1924) 264 U.S. 426, 432–433, 44 S.Ct. 396, 398, 68 L.Ed. 770 (Brandeis, J.). Footnotes omitted; emphasis added.)

The case falls squarely within the italicized language of Taubel, because Trans-West, which had actual possession of the fund when the debtor filed its petition, made no claim whatever to the fund.[1] Accordingly, the bankruptcy court had summary jurisdiction to adjudicate the conflicting claims to the fund. (*Accord*, 2 Collier, Bankruptcy 505 (14th ed. 1972).)

The Government's contentions to the contrary are that the debtor's constructive possession was destroyed either by its assignment to Kalof or by the Government's notice of levy. Neither argument is sound. For jurisdictional purposes, a debtor constructively possesses an asset in which he has any colorable interest when the person in actual possession does not himself assert any interest in it. Claims of third persons to the same asset are irrelevant to the jurisdictional issue.

The Government attempts to escape the impact of Taubel by creating its own fiction that either the assignment to Kalof or its notice of levy transferred the debtor's interest to those creditors. No actual transfer ever took place. We are bound by Taubel, and we refuse to substitute the Government's fiction for the Supreme Court's.[2] (*Cf. In re*

---

1. Thompson v. Dachner (9th Cir. 1954) 214 F.2d 922 and Goggin v. Consolidated Liquidating Corp. (9th Cir. 1951) 190 F.2d 553 are not in point because the actual possessors of the assets asserted claims against the assets.

2. The Government's reliance on San Fernando Restaurants, Inc. (S.D.Cal.1964) 236 F.

Supp. 777; Rosenblum v. United States (1st Cir. 1962) 300 F.2d 843, and United States v. Eiland (4th Cir. 1955) 223 F.2d 118 is misplaced. None of them involves the jurisdictional issue.

To the extent that the broad language of *San Fernando Restaurants, Inc.*, implies that a fictional transfer affects the jurisdictional determination, we disapprove the implication.

Brewster-Raymond Co. (6th Cir. 1965) 344 F.2d 903.)

The Government's alternative fiction is that service of its notice of levy reduced the fund to its possession by operation of 26 U.S.C. § 6331, Internal Revenue Code of 1954. Section 6331 must be stretched beyond its ·elasticity to reach the Government's result. But even if we could read it the Government's way, we would reject the argument because we adhere to the Supreme Court's admonishment against transferring tax fictions into bankruptcy cases. (*See* United States v. Randall (1971) 401 U.S. 513, 91 S.Ct. 991, 28 L.Ed.2d 273.)

The creation of legal fictions is not a sport for the unwary. The pastime should be steadfastly avoided when the result is, as here, to fragment and to delay the administration of bankruptcy proceedings.

Reversed and remanded.